IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY D. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09cv402-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On December 23, 2010, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 26). The Commissioner objects to an award of fees because "his position was substantially justified, that is, reasonable in law and fact." (Def's Res., doc. # 28, at 1).

A brief recounting the relevant procedural history of this case is necessary. In 1992, when Thompson was five years old, she was awarded supplemental social security income benefits based on "evidence in the file reveal[ing] a severe speech problem and mental deficiency" and a primary diagnosis of autistic disorder and other pervasive developmental disorder. (R. 50.) Upon reconsideration of Thompson's benefits in September 1998, the Commissioner determined that the claimant's benefits should continue based on a primary diagnosis of mental retardation. (R. 56.) In January 2002, the Commissioner reconsidered the case and again determined that Thompson should continue to receive supplemental security income benefits due to her disability. (R. 117.)

After Thompson's father passed away, Thompson's mother filed on behalf of Thompson an application for child's disability insurance benefits as a survivor on December 1, 2005. (R. 302.) Five days later, on December 6, 2005, Thompson turned eighteen years of age. Shortly thereafter, the Commissioner reconsidered its previous findings of disability, specifically determining whether Thompson was entitled to child disability benefits and supplemental security income.[1] (R. 22, 26, 282.) Thompson's application was denied, and she sought judicial review in this court. On September 28, 2010, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.[2]

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1097

---

[1] Because Thompson turned 18 years old in December 2005, the ALJ treated her application for survivor benefits as an application for both child disability benefits and supplemental security income based on her disability. (R. 22.)

[2] On remand, the court directed the Commissioner to:

a. Consider whether Thompson should be provided counsel throughout the proceedings.

b. Further develop the record and clarify inconsistencies between the consultative examiners' opinions in 1992, 1998, and 2002 and Dr. Bailey's opinion in 2006 by providing all relevant medical records to a consultative psychologist or other mental health expert and/or conducting additional testing.

c. Consider and specify his reasons, if any, for discounting the opinions of Dr. Crook, Dr. Jacobs, and Dr. Bailey.

d. Consider how the side effects of Thompson's seizure medication together with her other impairments would affect Thompson's intellectual functioning.

(Mem. Op, doc. # 24, at 17).

(11th Cir. 1996).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified."  *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The law is well established that a claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ.  *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citing *Smith v. Schweiker*, 677 F.2d 826 (11th Cir. 1982) and 42 U.S.C. § 406). However, any waiver of that right must be knowingly and intelligently made, and in order for a waiver to be effective, the claimant must be "properly apprized of [her] options concerning representation."  *Smith*, 677 F.2d at 828.  It has long been the law of this circuit that the ALJ has an obligation to fully and fairly develop the record.  *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985).  An ALJ must conscientiously probe into, inquire of, and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Finally, the ALJ has a duty to reconcile any conflicts in the record and order any additional testing, if necessary to make an informed decision.  *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988).

Here, the ALJ failed to follow the law in determining whether the mentally challenged plaintiff voluntarily and intelligently waived her right to representation at the hearing.

Despite the plaintiff having been founded disabled on three previous occasions due to mental retardation, the ALJ failed to determine whether Thompson knowingly and intelligently waived her right to representation at the administrative hearing.  Next, the ALJ failed to develop the record regarding Thompson's mental condition in that he failed in his duty to reconcile inconsistencies in the record and order additional testing, if necessary.  Because the ALJ failed to properly follow the law, he committed legal error requiring remand for further proceedings.  Thus, the Commissioner's position in this litigation did not have a reasonable basis in law.  *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because his position was substantially justified in that it was reasonable in law and fact.  In 1992, at the age of five, the plaintiff was first found to be disabled due in part to mental deficiencies.  (R. 50). Six years later, the Commissioner concluded that she continued to be disabled due to mental retardation.  (R. 56). In 2002, the Commissioner determined that the plaintiff's disability continued. (R. 117).  Thus, when the plaintiff turned eighteen on December 6, 2005, she had been receiving disability benefits based on her mental deficiencies.  However, shortly after the plaintiff turned eighteen, the Commissioner reconsidered his previous three findings of disability, and determined that, at the age of nineteen, the plaintiff was no longer disabled. According to the defendant, it was reasonable to ignore any evidence of the plaintiff's mental condition before the age of 16 because that evidence was stale and therefore "was of limited value." (Def's Res. at 4).

Notwithstanding the Commissioner's failure to explain how a consistent and established record of mental deficiency over fifteen years is immaterial to whether the

4

plaintiff continues to be disabled[3], the defendant's argument completely misses the mark. The court remanded the case because the ALJ failed in *his* duty to follow the law in determining whether Thompson knowingly and intelligently waived her right to representation. He compounded his error by failing to comply with the legal requirements that he properly develop the record, reconcile inconsistencies in the evidence, and assign the proper weight to the medical evidence. Thus, the court concludes that the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4,383.96, as well as an additional $700.64 for preparing a reply to the Commissioner's response to the fee petition. Upon review of the response and fee request, the court concludes that the request for additional fees is due to be granted. However, the court finds that a total of four hours to prepare and review the response is excessive for experience Social Security practitioners. Thus, the court will allow only three hours at the rate of $175.16 per hour for a total additional fee of $525.46.

The plaintiff requests that fees be paid directly to her attorney. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. He does, however, challenge the plaintiff's request that fees be paid directly to the attorney. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's

---

[3] Under the Commissioner's view of the evidence which he characterized as "stale," one might assume that mental retardation is a condition that improves. That, of course, is absurd on its face, not to mention inconsistent with Listing 12.05(C)'s requirement of mental retardation manifesting itself before age twenty-two.

attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").  Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. That the motion for attorney's fees (doc. # 26) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $4,909.44.

2. To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.  *See* 28 U.S.C. § (d)(2)(B).  *See also Reeves, supra*.  The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 15th day of February, 2011.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE